J. S. PILCHER, Trustee, *et al. v.* L. H. McHENRY, *et al.*

1. WILL. *Construction. Maintenance.* A testator, after devising his residence lot to a named trustee in trust for the separate use of his wife during life and then to his children, vested in "said trustee," by a subsequent item of his will, certain property subject to the following directions: "The corpus shall constitute a trust fund, which shall, on no account and under no pretext be trenched upon, unless absolutely necessary for the support of my family, but the interest and income therefrom shall be paid, as the same accrues and is collected, to the maintenance and education of my said children." In a subsequent item of the will, the testator provides that the trustee "shall pay over to my wife, as collected and as she may need it, the interest and income of said trust fund, but, as before provided, no part of the body of the fund except upon the conditions as hereinbefore stated." *Held,* that the two clauses must be read together, and that the intention of the testator was that the income should be paid "to the maintenance and education of my said children, and to my wife as she may need it," and that the trust will continue in whole or in part during the life of the wife.

*Held, further,* that the income is payable to the wife for the benefit of herself and children, whereby she becomes necessarily a sub-trustee for the disbursement of the funds, and may be held to a proper appropriation thereof to the extent of the interest of the children.

*Held, further,* that while the trust for education might cease upon the coming of age of a child, the trust for maintenance would not, but would continue as long as the child remained a member of the family.

2. SAME. *Question reserved.* The question is reserved whether a child, who marries or settles in life, would be thereafter entitled to maintenance out of the income, and the cause retained in court with leave to the parties, upon supplementary proceedings, to apply for a determination of the point when the event occurs, if it shall become necessary.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. A. G. MERRITT, Chancellor.

THOS. S. WEAVER for complainants.

J. D. GOODPASTURE for defendants.

COOPER, J., delivered the opinion of the court.

James W. McHenry died in the year 1876, testate, leaving a wife and five children, two sons and three daughters. His will was duly probated and recorded, and James Whitworth, named executor in the will, qualified, and is still acting as such. Whitworth was also appointed testamentary trustee by the will, but declined to act, and complainant, J. S. Pilcher, became trustee in his place. The widow, Louisa H. McHenry, was named in the will as testamentary guardian of the children, and is acting as such. This bill is filed by the trustee, the widow, and one of the children, a daughter, who has come of age, against the other four children, all of whom are minors, for a construction of the will. From the chancellor's decree the infant defendants have appealed.

The will, after making provision in the first item for the payment of the testator's debts, proceeds as follows:

"2d. I devise my lot, 152 South Spruce street, Nashville, Tennessee, (specifying it) to Judge James Whitworth, in trust for the sole and separate use of my beloved wife, Louisa H. McHenry, during her natural life, free from the contracts, debts, control, dominion or enjoyment of any future husband she may have, and likewise exempt shall be the rents and profits thereof. At her death said property shall be

equally divided between the children of our intermarriage, now or hereafter born, share and share alike. But in the meantime, should any of said children die, leaving issue, said issue shall take hereunder the share of the deceased parent to which he or she should then be entitled, if living. The shares of the daughters aforesaid, born or to be born, are vested in said trustee, subject to the same sole and separate uses and limitations and restrictions on their husbands, if they or any of them marry, as are made in reference to the life estate of my beloved wife. I specially direct that said lot and improvements shall not be sold until the termination of said life estate.

"3. I bequeath to my wife, Louisa H. McHenry, all my household and kitchen furniture, my horse, carriage, harness, cow and stable utensils. Such part thereof, however, as may remain in specie at her death I desire sold, and the proceeds distributed in like manner as the real estate aforesaid is vested in our issue in the preceding item in this will.

"4th. The bonds, securities, notes, debts, moneys on hand at my death after the payment of just debts, and choses in action of every kind and description, I vest in said trustee, subject to the following directions: The corpus shall constitute a trust fund, which shall, on no account and under no pretext, be trenched upon unless absolutely necessary for the support of my family, but the interest and income therefrom shall be paid, as the same accrues and is collected, to the maintenance and education of my said children. In addition to the foregoing, I bequeath to said trustee,

for the like uses as last aforesaid, the life policy for. five ·thousand dollars which I hold in the Ætna Life Insurance Company. I further direct my entire law library be sold by said trustee, and the proceeds thereof shall go in, and constitute likewise, with said life policy, notes, etc., a' part of the corpus of said trust fund. I desire no sets broken, etc., (giving directions as to the mode of selling his books). I further direct that my entire property, not herein otherwise disposed of, shall be sold at my death, including all lots, houses in the town of Livingston, Overton county, Tennessee, on such terms as are, or may be fixed, by the court as to the latter, and as may seem proper to my trustee as to the residue. The proceeds thereof shall likewise constitute a part of said trust fund, and the interest thereon shall be used and applied as directed in regard to said trust fund.

"5th. I direct that my miscellaneous library, chromos and piano shall be retained in the family for their use, benefit, instruction and pleasure. As a child marries or settles in life, the equal part in value thereof, except the piano, shall in kind be set apart to such child. An equal portion thereof in value shall be set apart to each in the event my wife die before said children shall marry or settle in life. The piano shall be for the use of the daughter who shall last marry or leave the family. She shall be charged at its real market value at such time in settlement of her share under the provisions of this will.

"6th. I appoint my wife testamentary guardian

·of our children, but expressly provide she shall not be required to give bond and security for such guardianship. I direct that all of our children. shall be thoroughly educated. To this end. they shall be con- ·tinued at the high school of the city of Nashville until graduation . therein. Thereafter, I desire Spencer and Creed continued at the Vanderbilt Unversity until they complete the entire course of study necessary to graduation in the University proper. Our daughters shall receive such additional education as my wife deems proper, and at such schools, after they graduate at the city high school, as aforesaid.

" 7th. I devise that my said trustee shall have just and reasonable compensation for his. services, to be retained annually on settlement; shall execute bond with good security, in double the amount of said trust fund, to be approved by the county court; shall settle with. the clerk of said court annually, upon due notice to my wife of such settlement; and shall pay ·over to my wife, as collected and as she may need it, the interest and income of said trust fund; but, as before provided, no part of the body of the fund, except upon the condition as hereinbefore stated.

" 8th. I bequeath to my son Spencer my gold watch and chain. He shall have possession of the ·same at the age ·of eighteen, but not before. He shall be charged on settlement for the same $150. If he die before the age of eighteen, and Creed sur- ·vive him, and live to attain said age, then he shall have said watch on said terms. My wife shall have ·my gold pencil, and my son Creed my gold buttons.

"9th. I hereby appoint Judge James Whitworth my executor."

There is a codicil which waives the giving of any bond by Whitworth as trustee, and gives him a discretionary power to trench upon the corpus of the trust fund for the first and second years after the probate of the will, for the benefit of the wife and children.

It is clear that the testator devises his Spruce street lot to Whitworth as trustee, in trust for the sole and separate use of his wife for life, and at her death to be equally divided between his children, or their issue if any be dead, the issue taking the share of the deceased child. It is equally clear that he gives his wife the personal property mentioned in the third item of the will, to be used in kind, and at her death whatever may remain in specie to be sold, and the proceeds divided as the land. Certain other personalty is to be kept for the use of the family, and divided equally among the children as they marry or settle in life, or upon the death of the wife. There is also a general intent discoverable on the face of the will that his children should share his estate equally. The difficulty is as to the trust fund created by the fourth clause of the will, and the relative rights of the widow and children to the income, and corpus of the fund.

By the second item of the will the testator devises the Spruce street lot to Whitworth in trust to the widow for life, then to go to the children. By the fourth item, he vests the property, the proceeds

of which constitute the corpus of the trust fund, in
"said trustee," subject to the following directions:
"The corpus shall constitute a trust fund, which shall
on no account and under no pretext be trenched upon
unless absolutely necessary for the support of my
family, but the interest and income therefrom shall be
paid, as the same accrues and is collected, to the
maintenance and education of my said children." The
seventh item directs that the trustee "shall pay over
to my wife, as collected and as she may need it, the
interest and income of said trust fund; but, as before
provided, no part of the body of the fund, except
upon the condition as hereinbefore stated." Nothing
further is said in the will about either the disposition
of the corpus or income of this fund.

If it shall be held that the will does not dispose
of the corpus of the fund, then it would go, under
our statute of distributions, equally to the widow and
children (Code, sec. 2429, sub-sec. 1), subject to the
trusts of the will as long as they shall be held to
exist. What are these trusts? The clauses quoted
from the fourth and seventh items of the will above
must be read together, and reconciled if possible, and
if this cannot be done, the clause of the seventh item,
being the one last written, must prevail. By the
first clause, the income, as collected, is to be paid "to
the maintenance and education of my said children."
By the second clause, the income is to be paid to
"my wife, as collected and as she may need it."
The two clauses cannot be reconciled by treating the
second as a mere direction to pay to the wife as

testamentary guardian of the children, for the payment is to be to her individually and "as she may need it." They may be reconciled by reading them together as constituting one sentence, and directing the increase to be paid "to the maintenance and education of my said children, and to my wife as she may need it." In this way, the equality among the children, everywhere else in the will conspicuous, is preserved, and the wife given, what the law would give her, a child's part of the personalty. In this way, too, the clause in relation to trenching upon the corpus of the fund if "absolutely necessary for the support of my family," is made consistent with the other clauses, for the word family would include the wife. And perhaps it is not going too far to say, that as the testator had appointed Whitworth a trustee, in the second item of the will, for the benefit of the wife and children as to the land, and vested "said trustee" with the property, the proceeds of which were to constitute the trust fund, he still had Whitworth in his mind's eye as trustee, in the matter of this fund, for his wife and children. The presumption, moreover, is always, when a testator undertakes to execute a formal will, that he intends to make a disposition of all his property, and especially if the instrument shows that the testator thought that he had thus disposed of his entire estate. The trust is, we think, for the benefit of wife and children.

Another question arises as to the extent of the interest of the wife and children under the trust, and when the trust terminates as to any or all of them.

The creation of a trust estate in the Spruce street lot for the benefit of the wife during life, with the positive prohibition of its sale pending the trust; the bequest of the use of the household and kitchen furniture, and other personal property, by the wife during her life; the direction that the miscellaneous library, chromos and piano be retained in the family for their use; and the authority conferred upon the trustee to trench upon the corpus of the trust fund if absolutely neceseary for the support of the family, all show that the testator contemplated the continuance of the "family." at the homestead under the supervision of his wife as such, and as testamentary guardian of the children during infancy. So long as the family thus subsists, it is clear that the trust was to continue. The will expressly provides for the setting apart to each child, upon marrying or settling in life, an equal share in value of the library and chromos. The continued existence of the trust after such marrying or settling in life of one or more of the children, is fairly implied in the provision that the remainder of the articles are still to be retained for the use of the family. Settling in life can scarcely be predicated of a child under age, and therefore the continuance of the family relation is manifestly contemplated as possible until the youngest child comes of age, or the wife dies. The purposes of the trust, being in part the maintenance and education of the children, cannot, therefore, terminate before the youngest living child arrives of age. And as the direction is that the trust income shall be paid to the wife "as she may

need it," and, as we have concluded, partly for her benefit, the trust must continue, either in whole or in part, during her life.

As the income is made payable to the wife for the benefit of herself and children, she becomes necessarily a sub-trustee for the disbursement of the funds, and may be held to a proper appropriation thereof to the extent of the interest of the children. *Gilbert* v. *Bennett,* 10 Sim., 371; *Longman* v. *Elcum,* 2 Y. & C. Ch., 363; *Chase* v. *Chase,* 2 Allen, 101; *Hawley* v. *James,* 5 Paige, 318. When the income of property is given, through a trustee, to a mother for the maintenance of herself and children, what is usually intended is that she shall receive the whole income, and shall maintain the children out of it so long as they form a part of her family; but when they are forisfamiliated, as by marriage or settling in life, they lose the right of maintenance: *Harris* v. *Alderson,* 4 Sneed, 250; *McCall* v. *McCall,* 1 Tenn. Ch., 504. The mere fact of coming of age will not deprive a child of all benefit of the fund, for the obvious reason that, while education may be limited to the minority of a child, "there is no period of life in which a person does not require maintenance." *Soames* v. *Martin,* 10 Sim., 287; *Ellis* v. *Maxwell,* 3 Beav., 587. If the child is willing to remain at home, and there is no reasonable objection to this course; or if the child is a female, with no other protection and means of support, the trust would not cease upon the mere ground of attaining the age of twenty-one years: *Carr* v. *Living,* 33 Beav., 474; *Cloud* v. *Martin,* 2 Dev. &

Batt. Ch., 274; *McDonnell* v. *Black*, Riley Ch., 153. There is nothing in the will before us tending in the least to show that maintenance should cease upon the arrival of age of a child.   On the contrary, the intent is clear that the children, so long as they remain members of the family, shall receive maintenance, and there are provisions of the will which seem to contemplate that when a child " marries or settles in life," that is when forisfamiliated, the share of that child in the estate, not subject to a continuing trust, shall be given to it, so as to secure equality among the children.

The trust, we hold to be an active trust during the life of the wife, for her maintenance and the maintenance and education of the children.  So long as a child continues a member of the family, although over twenty-one years of age, that child is entitled to such maintenance as the fund will justify.   It is not necessary to determine at this time, and perhaps it would not be wise to do so, whether a child who " marries or settles in life," would thereafter be entitled to maintenance out of the income.   The record does not show the extent of the fund, nor all the circumstances necessary to enable us to form a definite opinion on this subject.  But we are inclined to think, in view of the manifest intent of the testator to secure equality among his children, that the right to maintenance, to be governed by the amount of income and the calls on the fund, would exist in behalf of each child during the trust.   The cause may be remanded and retained in court, for the determination

of this point upon supplementary proceedings, if it should become necessary. Upon the death of the widow, the corpus of the fund then remaining will be equally divided between the children, or their representatives.

Decree accordingly. The costs of this court will be paid by the trustee out of the trust funds, as well as the costs below.